**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| RASHEE AMBLER, | : | Case No. 1:26-cv-236 |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| HARRIS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a prisoner who is incarcerated at the Southern Ohio Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and Ohio state law for events that took place while he was incarcerated at Warren Correctional Institution (WCI). He raises his claims against Warden Harris, Mental Health Liaisons McDermott and Greatorex, Inspector J. Ledford, and Provider Incellur. (Doc. 3 at 1–4). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 2).

### I.  Screening of Complaint

#### A.  Legal Standard

Because Plaintiff is a prisoner—and because he proceeds *in forma pauperis*—the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). *Pro se* litigants's pleadings are to be construed liberally and held to lower standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district

1

court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Still, the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B.      Plaintiff's Complaint

In his Complaint, Plaintiff alleges that he was housed in the Residential Treatment Unit at WCI where prison officials treated him for depression and suicidal ideation. (Doc. 3 at 6). Starting on April 9, 2024, Officer Crawford denied Plaintiff outdoor recreation because he had orders to prohibit certain inmates, like Plaintiff, from accessing the outdoors. (*Id.*). Plaintiff sent kites to several prison officials, including the warden and the institution inspector, to complain about the denial of outdoor recreation. (*Id.*). That same day, Mental Health Liaison McDermott visited Plaintiff. (*Id.* at 6–7). Plaintiff explained in the meeting that he slept most of the day, was not eating, and was frequently having suicidal thoughts. (*Id.* at 7). Plaintiff claims that McDermott disregarded his mental health issues and offered no treatment. (*Id.*).

Two days later, Plaintiff received a response from Inspector Ledford, which stated that since Plaintiff had a certain classification—level E—he had to be restrained and could not have access to outdoor recreation. (*Id.*). When Plaintiff attempted to escalate his grievances, Plaintiff says that Ledford would close them. (*Id.*).

On October 23, 2024, Plaintiff attempted suicide by hanging. (*Id.* at 8). The next day, Mental Health Liaison Greatorex examined Plaintiff. (*Id.*). After reading Plaintiff's journal, Greatorex told Plaintiff, "'Don't write or say suicidal stuff because I'll have to put you on [suicide] watch.'" (*Id.*). It also appears that Greatorex tried to persuade Plaintiff to sit in the "dayroom" while in belly chains instead of being allowed to go outside unrestrained. (*Id.*). Plaintiff rejected this offer in the fear that he could be stabbed while chained. (*Id.*). He instead opted to stay inside. (*Id.*).

About a week later, Plaintiff attempted suicide again. (*Id.*). This time, Plaintiff ingested fifty-four pills because he believed that McDermott and Ledford were ignoring his grievances and kites. (*Id.*). Plaintiff continued to file grievances concerning his lack of mental health treatment and access to the outdoors. (*Id.*). On December 9, 2024, Plaintiff met with Mental Health Liaison Incellur to speak about the denial of outdoor recreation and Plaintiff's two suicide attempts. (*Id.* at 9). Incellur never questioned Plaintiff about the reasons he attempted suicide and was only curious about where Plaintiff obtained the drugs for his second suicide attempt. (*Id.*). Incellur also did not read Plaintiff's journal, stating that reading "'it doesn't matter because central office wants all of you guys out of here as soon as possible.'" (*Id.*)

Plaintiff requests compensatory and punitive damages and injunctive relief. (*Id.* at 11).

**C.     Analysis**

Based on the allegations in the Complaint, Plaintiff states that he is raising the following claims:

Claim 1       Eighth Amendment deliberate indifference to serious mental health needs

3

against Defendants McDermott, Greatorex, and Incellur for failing to provide him with mental health treatment during his depression and suicidal ideation.

Claim 2    Eighth Amendment conditions of confinement claim against Defendants McDermott, Greatorex, Ledford, and Incellur based on their alleged deliberate indifference to Plaintiff's inability to access outdoor recreation for months.

Claim 3    State-law claim for intentional infliction of emotional distress against Defendants McDermott, Greatorex, Ledford, and Incellur arising out of the same allegations that form the basis of Claims 1 and 2.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes that Plaintiff may proceed with the following claims against the listed Defendants in their individual capacities to the extent he seeks damages and in their individual and official capacities to the extent he seeks injunctive relief: Claim 1 (deliberate indifference to serious mental health needs claim against Defendants McDermott, Greatorex, and Incellur); Claim 2 (conditions of confinement claim based on lack of outdoor recreation against Defendants McDermott, Greatorex, Ledford, and Incellur); and Claim 3 (state-law intentional infliction of emotional distress claim against Defendants McDermott, Greatorex, Ledford, and Incellur). Plaintiff's claims against these Defendants are deserving of further development and may proceed at this juncture. The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

For the following reasons, though, Plaintiff's official capacity claims for damages and Defendant Harris should be dismissed under 28 U.S.C. § 1915(e)(2).

1.    *Official Capacity Claims for Damages Should be Dismissed*

Plaintiff's claims against any Defendant in his or her official capacity must be dismissed to the extent Plaintiff seeks monetary damages. Plaintiff has named all Defendants in their individual

4

and official capacities.  (*See generally* Doc. 3).  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002).  A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, the Complaint should be **DISMISSED** as to all Defendants in their official capacities for Plaintiff's request for damages.

> 2.  *Defendant Harris Should be Dismissed*

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury.  *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992).  A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  To establish liability

under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A plaintiff must allege defendants were personally involved because "§ 1983 liability cannot be imposed under a theory of *respondeat superior.*" *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

Plaintiff fails to meet this pleading standard as it relates to Defendant Harris. Plaintiff names Harris in the Complaint but makes no allegations that he was personally involved in any of the alleged violations. He only alleges that he sent grievances to Harris's office. The mere fact that Harris was WCI's warden and was sent grievances is not enough to impose liability. Therefore, Harris should be **DISMISSED** from the Complaint in his individual capacity.

## II.  Conclusion and Service of Process

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may **PROCEED** with the following claims against the listed Defendants in their individual capacities to the extent he seeks damages and in their individual and official capacities to the extent he seeks injunctive relief: Claim 1 (deliberate indifference to serious mental health needs claim against Defendants McDermott, Greatorex, and Incellur); Claim 2 (conditions of confinement claim based on lack of outdoor recreation against Defendants McDermott, Greatorex, Ledford, and Incellur); and Claim 3 (state-law intentional infliction

6

of emotional distress claim against Defendants McDermott, Greatorex, Ledford, and Incellur).

2. The United States Marshal **SHALL** serve a copy of the Complaint (Doc. 3), summons (Doc. 1-8), the separate Order issued granting the plaintiff *in forma pauperis* status (Doc. 2), and this Order and Report and Recommendation upon Defendants McDermott, Greatorex, Ledford, and Incellur.

3. Plaintiff **SHALL** serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff **SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

5. The Clerk is **DIRECTED** to mail Plaintiff a copy of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's request for damages against the Defendants in their official capacities and Defendant Harris be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Under Fed. R. Civ. P. 72(b) any party may serve and file specific, written objections to this Report & Recommendation (R&R) within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: April 3, 2026

/s/ *Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

8