**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**RASHEE AMBLER,**

      **Plaintiff,**

    **v.**
                                 **Civil Action 1:26-cv-236**
                                   **Judge Michael R. Barrett**
                                   **Magistrate Judge Kimberly A. Jolson**

**WARDEN, WARREN CORRECTIONAL**
**INSTITUTION, et al.,**

      **Defendants.**

**ORDER AND REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint.  (Doc. 11).  For the following reasons, Plaintiff is **GRANTED** leave to amend.  But to the extent his Amended Complaint raises claims previously dismissed or a new due process claim, the Undersigned **RECOMMENDS** those claims be **DISMISSED**.

**I.**      **MOTION FOR LEAVE TO AMEND**

According to Plaintiff, his proposed Amended Complaint does three things: (1) it pleads the denial of exercise; (2) it pleads a claim against Defendant Incellur[1]; and (3) it pleads additional factual allegations.  (*Id.* at 1).  He also says his claims "relate back" to the time the original Complaint was filed.  (*Id.*).  Defendants oppose the Motion because the proposed amendment is duplicative, because it is not in the interest of judicial economy, and because it would cause them an unspecified undue hardship.  (Docs. 13, 14).

Federal Rule of Civil Procedure 15 allows parties to amend their pleadings once as a matter of course no later than 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B).  Defendants filed their answer to Plaintiff's Complaint on April 22, 2026.  (Doc. 8).  Plaintiff filed

---

[1] Defendants say this Defendant's name is actually "Inciler-Strunk."  (Docs. 13, 14).

his Motion for Leave to Amend less than 21 days later—on May 7.  (Doc. 11).  Plaintiff has not amended before.  Therefore, Plaintiff may amend as of right.  And because Plaintiff may amend as of right, the Court need not address Defendants' arguments in opposition.[2]  *Cf. Perkins v. Sun Chem. Corp.*, No. 1:10CV810, 2011 WL 1403069, at *1 (S.D. Ohio Apr. 12, 2011) ("[W]hen a plaintiff is entitled under Rule 15 to file an amended pleading as of right, the fact that an amendment may be futile does not provide the Court with a basis to strike the amended pleading.).

Consequently, Plaintiff's Motion is **GRANTED** (Doc. 11).  The Clerk is **DIRECTED** to detach the Amended Complaint (Doc. 11 at 3–9), and file it separately on the docket.  The Court will also consider the exhibits attached to Plaintiff's original Complaint (Docs. 3-1, 3-2, 3-3, 3-4, 3-5, 3-6) and Plaintiff's relief request (Doc. 3 at 11) as part of the operative Amended Complaint.

## II.    SCREEN OF THE AMENDED COMPLAINT

As explained, because Plaintiff is a prisoner—and because he proceeds *in forma pauperis*—the Court must dismiss the Amended Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  Previously, the Court construed Plaintiff's original Complaint as raising three claims:

Claim 1      Eighth Amendment deliberate indifference to serious mental health needs against Defendants McDermott, Greatorex, and [Inciler-Strunk] for failing to provide him with mental health treatment during his depression and suicidal ideation.

Claim 2      Eighth Amendment conditions of confinement claim against Defendants McDermott, Greatorex, Ledford, and [Inciler-Strunk]

---

[2] That said, in support of their arguments, Defendants cite Federal Rule of Civil Procedure 15(d).  (Docs. 13, 14).  This Rule permits a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  Fed. R. Civ. P. 15(d).  Plaintiff filed this case on March 6, 2026. (Doc. 1).  Upon review, none of the allegations in Plaintiff's proposed amendment occurred after that date.  (*See generally* Doc. 11 (alleging incidents in March 2024, April 2024, October 2024, and December 2024)).  Therefore, Rule 15(d) is inapposite.

2

based on their alleged deliberate indifference to Plaintiff's inability to access outdoor recreation for months.

Claim 3    State-law claim for intentional infliction of emotional distress against Defendants McDermott, Greatorex, Ledford, and [Inciler-Strunk] arising out of the same allegations that form the basis of Claims 1 and 2.

(Doc. 4 at 3–4). The Court allowed Plaintiff to proceed on those claims to the extent he seeks damages in Defendants' individual capacities and to the extent he seeks injunctive relief in their individual and official capacities. (*Id.* at 4; *see also* Doc. 6). The Court dismissed both Defendant Harris and Plaintiff's request for damages against Defendants in their official capacities. (*See* Doc. 4 at 4–6; Doc. 6).

Plaintiff's Amended Complaint is substantially similar to his original Complaint. For example, though Plaintiff says he "failed to plead the denial of exercise" (Doc. 11 at 1), and reworded several paragraphs to include this language (*see, e.g.*, *id.* at ¶ 2 ("Plaintiff Ambler was denied . . . a[n] opportunity to exercise")), this allegation is already substantively encompassed in Claim 2: the Eighth Amendment conditions of confinement claim based on Defendants' alleged deliberate indifference to Plaintiff's inability to access outdoor recreation for months. Even more, although Plaintiff says his original Complaint did not plead a claim against Defendant Inciler-Strunk (*id.* at 1), the Court construed all three proceeding claims as alleged against her.

The main substantive differences between the original Complaint and the Amended Complaint are paragraphs 13, 14, and 15. (*See id.* at ¶¶ 13–15). These paragraphs allege that Plaintiff attempted suicide by overdose in December 2024; he sent multiple kites to "recovery services" and a non-Defendant about the attempt; and Defendant Inciler-Strunk visited him, accused him of sending the kite to "get out of [a] ticket," and ignored his mental health. (*Id.*). Again, these allegations are already substantively encompassed by Claim 1: the Eighth

3

Amendment deliberate indifference to serious mental health needs against Defendants for failing to provide him with mental health treatment during his depression and suicidal ideation. Accordingly, the Court finds that Plaintiff's Amended Complaint does not require the Court to screen anew Claims 1–3 and allows them to proceed.

That said, the Amended Complaint appears to raise a new due process claim against Defendant Ledford. According to Plaintiff, Defendant Ledford violated his due process rights "by closing his grievances." (*Id.* at ¶ 6 (saying this denied him the opportunity to "utilize the 3-step grievance process")). Plaintiff says this was "improper procedure." (*Id.* at 7). However, a defendant's failure to follow their own institutional guidelines concerning the processing of grievances, standing alone, does not implicate due process. *See Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) ("A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."). And, at base, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (considering allegations that the defendants rejected the plaintiff's grievances); *see also Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, at *3 (6th Cir. Feb. 21, 2019) ("Section 1983 liability cannot be based upon a defendant's handling of a grievance[.]"); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Frost v. Murphy*, No. 2:25-CV-1103, 2026 WL 930460, at *6 (S.D. Ohio Jan. 29, 2026) ("The First Amendment . . . does not impose an 'affirmative obligation' on the government to consider, respond to, or grant any relief on a petition for redress of grievances.") (citation omitted), *report and recommendation adopted*, No. 2:25-CV-1103, 2026 WL 928186 (S.D. Ohio Apr. 6, 2026). Consequently, the

Undersigned **RECOMMENDS** that to the extent Plaintiff's Amended Complaint raises a due process claim against Defendant Ledford, that claim be **DISMISSED**.

Additionally, Plaintiff's Amended Complaint appears to re-raise a claim against Defendant Harris. (*See id.* at ¶ 21). The Court already dismissed Harris from this case because Plaintiff did not allege that he was personally involved in any of the alleged violations. (Doc. 4 at 6; Doc. 6). The Court explained that the mere fact that Harris was Warren Correctional Institution's warden and Plaintiff sent him grievances is not enough to impose liability. (Doc. 4 at 6). Because Plaintiff did not cure this defect in his Amended Complaint (*see generally* Doc. 11), the Undersigned **RECOMMENDS** that Defendant Harris remains **DISMISSED** for the same reasons as articulated in the April 3, 2026, Report and Recommendation. (Doc 4 at 5–6; *see also* Doc. 6).

Finally, to the extent that his Amended Complaint could be construed as requesting damages against Defendants in their official capacities, the Undersigned **RECOMMENDS** that the request likewise remain **DISMISSED** for the same reasons as previously articulated. (Doc. 4 at 4–5; *see also* Doc. 6).

IT IS SO ORDERED.

Date: May 15, 2026 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).